≈AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____ District of _____NEW YORK_____

V.

JOSEPH F. SKOWRON, III

**Date of Original Judgment:** November 22, 2011
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

Case Number: 1:11CR00699-01(DLC)
USM Number: 64963-054
James J. Benjamin, Jr.            AUSA: David Massey
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
X Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:
X pleaded guilty to _____one_____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Securities Fraud and Obstruct Justice | 11/30/2010 | 1 |

The defendant is sentenced as provided in pages _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on _____

Count(s) _____ ☐ is are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 18, 2011
Date of Imposition of Judgment

_/s/ Denise Cote_
Signature of Judge

Denise Cote, U.S. District Judge
Name and Title of Judge

April 10, 2012
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 4/10/2012

| DEFENDANT: | JOSEPH F. SKOWRON, III |
|---|---|
| CASE NUMBER: | 1:11CR00699-01(DLC) |

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months.

X The court makes the following recommendations to the Bureau of Prisons:
That the defendant be permitted to participate in an alcohol and drug treatment program.
That the defendant be designated to a facility as close as possible to Pennsylvania.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X before 2 p.m. on  January 6, 2012 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 7

DEFENDANT: JOSEPH F. SKOWRON, III
CASE NUMBER: 1:11CR00699-01(DLC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a    3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change.

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSEPH F. SKOWRON, III
CASE NUMBER: 1:11CR00699-01(DLC)

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant must participate in a program approved by the Probation Department for alcohol abuse, which program may include testing to determine whether the defendant has been using drugs. The offender will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment. If the Probation Department's assessment about the need for treatment results in a recommendation that the offender not be placed in a treatment program, any request by the Probation Department to modify this condition must be made promptly after supervision begins.

The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The defendant must seek and maintain full-time employment.

The defendant is to provide the Probation Department access to any and all requested financial information.

The defendant must not incur any new credit card charges or open any new credit line without approval of Probation.

As an additional condition of supervised release, the defendant shall not:

1. Act as, be employed by, associate with, provide consulting services to, derive any compensation from, or act as a principal or agent of any broker, dealer, market-maker, underwriter, institutional investor, investment advisor, or investment company;

2. Act in any representative or advisory capacity or as the agent of any other person or entity, other than for family member, with respect to the purchases or sales of securities, whether or not he does so for compensation;

3. Serve as an agent or fiduciary or in any other capacity, whether or not for compensation, involving the management of any trust fund, account, or portfolio containing securities other than any such trust, fund, account, or portfolio of his own or members of his family;

4. Promote or facilitate the promotion of any securities either by recommending or causing others to recommend securities to potential investors, rendering or causing others to render investment advice, providing consulting services in connection with the purchase or sale of securities, publishing information in any quotation medium, disseminating any information about an issuer or its securities through television, radio, written publications, the Internet, or any other publicity medium,, soliciting others to engage in any of the aforementioned conduct, or soliciting others to act as market-makers, brokers, dealers, or underwriters;

5. Facilitate or attempt to facilitate any transaction involving the purchase or sale of securities, other than for an family member, whether by participating in negotiations, introducing parties for the purpose of initiating negotiations, proposing a plan of financing or any other business arrangement, assisting the parties in obtaining financing, locating potential investors, or engaging in any other conduct connected with such a transaction.

The defendant shall notify the U.S. Attorney's Office for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall pay a fine of $150,00.00.

The defendant shall make restitution in the amount $16,249,005.79. Restitution to Morgan Stanley in the amount of $10,247,853.49 shall be paid immediately. At the conclusion of the SEC Fair Funds process, but in no event later than June 1, 2013, the defendant shall make restitution payable to the Clerk, U.S. District Court, for disbursement to the remaining victims described on pages 5 and 6, but in an amount reduced by any amount the victim has already recovered for these same losses. Payment of restitution to these five victims shall be made according to the schedule set forth on page 7.*

The defendant shall be supervised by the district of residence.

DEFENDANT: JOSEPH F. SKOWRON, III
CASE NUMBER: 1:11CR00699-01(DLC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 150,000 | $ 16,204,005.79 |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robert E. Rice, Esq.<br>Managing Director/Head of<br>Governance, Litigation &<br>Regulation-Americas<br>Deutsche Bank AG<br>Legal Department<br>60 Wall Street<br>Mail Stop: NYC60-3615 - USA<br>New York NY 10005 | 2,400,000.00 | 2,400,000.00 | |
| T. Rowe Price Associates, Inc.<br>Pamela M. Conover, Esq.<br>T. Rowe Price Assoc., Inc.<br>100 East Pratt Street<br>Baltimore, MD 21202<br>Ref: J. Skowron | 877,261.50 | 877,261.50 | |
| Galleon Group LLC<br>Adam S. Hakki, Esq.<br>Shearman & Sterling LLP<br>599 Lexington Avenue<br>New York, NY 10022 | 1,563,739.00 | 1,563,739.00 | |
| TOTALS | $ 16,204,005.79 | $ 16,204,005.79 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT:** JOSEPH F. SKOWRON
**CASE NUMBER:** 1:11CR00699-01(DLC)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| D.E. Shaw<br>Doug Widmann, Esq.<br>DE Shaw & Co. LP 1166 Avenue of the Americas<br>9th Floor<br>New York, NY 10036<br>Ref: J. Skowron | 1,007,475.00 | 1,007,475.00 | |
| First NY Securities LLC<br>Lauren D. Friedman, Esq.<br>First NY Securities LLC<br>90 Park Avenue, 5th Floor<br>New York, NY 10016 | 107,676.80 | 107,676.80 | |
| Morgan Stanley*<br>c/o Kevin H. Marino, Esq.<br>Marino, Tortorella & Boyle, P.C.<br>437 Southern Boulevard<br>Chatham, NJ 07928 | 10,247,853.49* | 10,247,853.49* | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   7   of   7

DEFENDANT:      JOSEPH F. SKOWRON, III
CASE NUMBER:    1:11CR00699-01(DLC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  **x**  Lump sum payment of __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined    ☐ C,    ☐ D, or    ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F  **x**  Special instructions regarding the payment of criminal monetary penalties:

The fine and restitution to Morgan Stanley shall be paid immediately.

Restitution payment shall begin while the defendant is in prison. If the defendant is engaged in a non-UNICOR work program, the defendant shall pay $25 per quarter toward restitution. However, if the defendant participates in the UNICOR program as a grade 1 though 4, he shall pay 50% of his monthly UNICOR earnings. Following release from imprisonment, the defendant shall pay 20% of his gross monthly income toward the payment of restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.